53338/DB

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 (Will County) |
| | ) | |
| Nancy Bouchari, | ) | Case No. 20-06299 |
| | ) | |
| Debtor. | ) | Judge LaShonda A. Hunt |

## NOTICE OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC STAY

TO:   See attached Service List

PLEASE TAKE NOTICE that on October 15, 2021, at 10:15 a.m., I will appear before the Honorable Judge LaShonda A. Hunt, or any judge sitting in that judge's place, and present a Motion to Dismiss, or in the Alternative, for Relief from Stay, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 123 7008 and the password is 277139. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

<u>In re Nancy Bouchari</u>, Chapter 7 Bankruptcy, Case No. 20-06299

## SERVICE LIST

<u>Served upon the following parties electronically:</u>
    David M. Siegel, Esq.
    David M. Siegel & Associates, P.C.
    790 Chaddick Drive
    Wheeling, IL 60090 - Counsel for Debtor

    Glen B. Stearns
    801 Warrenville Road, Suite 650
    Lisle, IL 60532 - Ch 13 Trustee

<u>And served upon the following parties by mail:</u>
    Nancy Bouchari
    733 Stirrup Lane
    New Lenox, IL 60451 - Debtor

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the Parties listed above, as to the Trustee and Debtor's Attorney via electronic notice on September 30, 2021, and to Debtor by causing same to be mailed in a properly addressed envelope, by first class mail, postage prepaid, from 2215 Enterprise Drive, Westchester, Illinois, 60154 before 5:00 p.m. on that date.

                                        /s/Darren L. Besic
                                  Darren L. Besic, Walinski & Associates, PC
                                  Attorney for Central Credit Union of Illinois
                                  2215 Enterprise Drive, Suite 1512
                                  Westchester, IL 60154
                                  Tel: 312-704-0771

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Nancy Bouchari, | ) | Case No. 20-06299 |
| | ) | |
| Debtor. | ) | Judge LaShonda A. Hunt |

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC STAY

Now comes Central Credit Union of Illinois, by Darren L. Besic, its attorney, and moves this Court for entry of an Order to Dismiss this case, pursuant to 11 U.S.C. §1307(c)(6), or in the alternative, to modify the Automatic Stay to allow Central Credit Union of Illinois to proceed against its collateral, pursuant to 11 U.S.C. § 362(d), and in support thereof, states as follows:

1. The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 5, 2020. The Debtors' Chapter 13 Plan was confirmed on August 14, 2020.

### Count I – 2014 Toyota Camry, VIN #4T1BF1FK3EU312492

2. Central Credit Union of Illinois is a secured creditor of the Debtor pursuant to a Loan and Security Agreement ("Contract") entered into by the Debtor with Creditor, Central Credit Union of Illinois, on May 31, 2016. A copy of the Contract is attached as Exhibit "A".

3. Pursuant to this Contract (Ex. A), Central Credit Union of Illinois was granted a security interest in a 2014 Toyota Camry, VIN #4T1BF1FK3EU312492, as collateral to secure payment of the Contract (Ex.A), which has been perfected by Central Credit Union of Illinois recording its lien on the title to the vehicle. A copy of the Illinois Certificate of Title with Central Credit Union of Illinois listed as lienholder is attached hereto as Exhibit "B".

4. As set forth in the Contract (Ex.A), the Debtor was required to repay the principal balance to Central Credit Union of Illinois, with interest of 5.69%, as follows: sixty-two (62) monthly installment payments to in the amount of $333.64, commencing July 31, 2016, and one (1) final installment of $333.43 due on September 30, 2021. (See Exhibit A).

5. The Debtor is in default under the terms of the confirmed Chapter 13 Plan for failure to make post-petition installment payments directly to Central Credit Union of Illinois in the monthly payment amount of $333.64, due May 31, 2021 and each month thereafter, resulting in a

arrearage of $1,668.20. The Contract (Ex.A) matured on September 30, 2021, wherein the entire remaining balance is now due and payable.

6. Under the provisions of the Bankruptcy Code, a material default by the Debtor with respect to terms of confirmed Plan constitute grounds for dismissal, upon the request of a party in interest, pursuant to 11 U.S.C. §1307(c)(6).

7. Furthermore, the substantial security interest of Central Credit Union of Illinois in this vehicle is not adequately protected since the vehicle is rapidly depreciating in value while payments are not being made to Central Credit Union of Illinois.

8. Under the terms of the Contract (Ex. A), Central Credit Union of Illinois is entitled to possession of its collateral in the event of default.

WHEREFORE, Central Credit Union of Illinois prays that this Court enter an Order finding the Debtor in default on the payment terms of a confirmed Chapter 13 Plan, and

a) Dismisses the Debtor's Chapter 13 Bankruptcy Case, or in the alternative;

b) Modifies the Automatic Stay to allow Central Credit Union of Illinois to foreclose on its security interest in the vehicle, 2014 Toyota Camry, VIN #4T1BF1FK3EU312492, as provided by relevant state law, for leave to file an amended Proof of Claim to be paid as timely filed for any deficiency following sale, waiving Bankruptcy Rule 4001(a)(3), and for such other relief as the Court deems just.

### Count II – 2016 Honda Odyssey, VIN #5FNRL5H69GB105510

9. Central Credit Union of Illinois is a secured creditor of the Debtor pursuant to a Loan and Security Agreement ("Contract") entered into by the Debtor with Creditor, Central Credit Union of Illinois, on August 18, 2017. A copy of the Contract is attached as Exhibit "C".

10. Pursuant to this Contract (Ex. C), Central Credit Union of Illinois was granted a security interest in a 2016 Honda Odyssey, VIN #5FNRL5H69GB105510, as collateral to secure payment of the Contract (Ex.C), which has been perfected by Central Credit Union of Illinois recording its lien on the title to the vehicle. A copy of the Illinois Certificate of Title with Central Credit Union of Illinois listed as lienholder is attached hereto as Exhibit "D".

11. As set forth in the Contract (Ex.C), the Debtor was required to repay the principal balance to Central Credit Union of Illinois, with interest of 6.34%, as follows: eighty-three (83) monthly installment payments to in the amount of $512.56, commencing September 30, 2017, and one (1) final installment of $512.41 due on August 30, 2024. (See Exhibit C).

12. The Debtor is in default under the terms of the confirmed Chapter 13 Plan for failure to make post-petition installment payments directly to Central Credit Union of Illinois in the monthly payment amount of $512.56, due May 30, 2021 and each month thereafter, resulting in an arrearage of $2,562.80.

13. Under the provisions of the Bankruptcy Code, a material default by the Debtor with respect to terms of confirmed Plan constitute grounds for dismissal, upon the request of a party in interest, pursuant to 11 U.S.C. §1307(c)(6).

14. Furthermore, the substantial security interest of Central Credit Union of Illinois in this vehicle is not adequately protected since the vehicle is rapidly depreciating in value while payments are not being made to Central Credit Union of Illinois.

15. Under the terms of the Contract (Ex. C), Central Credit Union of Illinois is entitled to possession of its collateral in the event of default.

16. Central Credit Union of Illinois believes that the estate possesses no equity in the collateral since the outstanding balance due exceeds the collateral's fair market value.

WHEREFORE, Central Credit Union of Illinois prays that this Court enter an Order finding the Debtor in default on the payment terms of a confirmed Chapter 13 Plan, and

a) Dismisses the Debtor's Chapter 13 Bankruptcy Case, or in the alternative;

b) Modifies the Automatic Stay to allow Central Credit Union of Illinois to foreclose on its security interest in the vehicle, 2016 Honda Odyssey, VIN #5FNRL5H69GB105510, as provided by relevant state law, for leave to file an amended Proof of Claim to be paid as timely filed for any deficiency following sale, waiving Bankruptcy Rule 4001(a)(3), and for such other relief as the Court deems just.

Central Credit Union of Illinois

BY: /s/Darren L. Besic
     Darren L. Besic, Esq.

Darren L. Besic, Esq.
Walinski & Associates, P.C.
Attorneys for Central Credit Union of Illinois
2215 Enterprise Drive, Suite 1512
Westchester, IL 60154
ARDC #6190600
Tel. (312)704-0771